180 So. 425

ZYLKS et al. v. KAEMPFER.

No. 34521.

March 7, 1938.

Rehearing Denied April 4, 1938.

Foster, Hall, Barret & Smith, of Shreveport, for plaintiffs and appellants.

E. W. & P. N. Browne, of Shreveport, and W. N. Seligsberg, of New York City, for defendant and appellee.

ROGERS, Justice.

Plaintiffs bring this suit to establish title to 152.72 acres of land in section 9, township 23, range 16, Caddo parish, La., under the provisions of Act No. 38 of 1908, which authorizes such a suit where neither of the claimants is in actual possession of the property.

The 152.72 acres in dispute, together with an additional 7.08 acres, or a total of 159.80 acres, were acquired from the United States government in 1887 by Andrew J. Parker, whose wife was Cynthia Rebecca Parker. Mrs. Parker died in 1890, leaving ten children, issue of their marriage. All but one of these children or their heirs are the plaintiffs in this suit.

Plaintiffs allege that on the death of Mrs. Parker, her community interest in the property was inherited by her ten sur-

viving children, and that as the title to her community interest has never been legally divested, they are the owners of an undivided 6403/14400th interest in the property in dispute.

Plaintiffs also attack as a nullity a certain judgment rendered against all but one of them in 1909 by the First judicial district court, parish of Caddo, in a suit entitled "Mrs. M. A. Terry, et al. v. M. Kaempfer," in which judgment plaintiffs' demands were rejected, and the defendant Max Kaempfer quieted in the ownership and possession of the property.

Defendant denies that plaintiffs own any interest in the property described in the petition. Defendant avers that she is the owner of the property and has been in the possession thereof for many years. She alleges that Jacob Kaempfer acquired the property, and went into the possession thereof, under a sheriff's deed dated November 20, 1893, which deed was executed pursuant to a writ of fieri facias issued in execution of a judgment obtained by Jacob Kaempfer against Andrew J. Parker in the First judicial district court, parish of Caddo.

Defendant further alleges that by deed dated February 3, 1900, her husband, Max Kaempfer, purchased the property from the trustee of the bankrupt estate of Jacob Kaempfer, and that on October 23, 1916, defendant being then the widow in community of Max Kaempfer, who died intestate, purchased from the children and heirs of Max Kaempfer their rights and interests in the property in dispute.

Defendant pleads the judgment rendered in the suit of Mrs. M. A. Terry et al. v. M. Kaempfer as res judicata. She also pleads the prescriptions of ten, twenty, and thirty years.

The case was tried on the merits and resulted in a judgment sustaining defendant's plea of prescription of ten years acquirenda causa, rejecting plaintiffs' demands, and recognizing defendant as the owner and possessor of the property claimed by plaintiffs. From that judgment, plaintiffs have appealed.

Although the judgment obtained by Jacob Kaempfer against A. J. Parker was not executed until the month of June, 1893, it was rendered on April 6, 1891, in a suit that was filed on February 25, 1891, which was about seven months after the death of Mrs. Cynthia Rebecca Parker. Under the judgment, the entire 159.80 acres were seized, advertised, sold, and conveyed to Jacob Kaempfer as the property of A. J. Parker, the judgment debtor. Jacob Kaempfer later went into bankruptcy, and in the year 1900 the property was again sold as a whole to Max Kaempfer by the trustee in bankruptcy. Upon Max Kaempfer's death, the defendant, Mrs. Sarah Kaempfer, became the sole owner of the property as widow in community and as purchaser of the interests of the children of Max Kaempfer.

In 1895, Jacob Kaempfer granted a right of way through the property to the Kansas City, Shreveport & Gulf Railway Company, which is the same as the Kansas City Southern Railway Company. The

railroad tracks still run through the property, and the railroad company is still using this right of way.

In 1903, J. C. Simon, acting as the agent of Max Kaempfer, entered into an agreement with A. C. Stewart to look after the property and to prevent any trespassing thereon.

In 1907, Max Kaempfer sold to the Bell Edwards Lumber Company all the merchantable timber three inches and over in diameter on the tract, with the right to cut and remove the timber within five years. The deed evidencing this sale was duly placed of record in the clerk's office of the parish of Caddo. The lumber company built a tramroad on the property and used it in cutting and removing the timber at intervals during the period of five years stipulated in the contract. The vestiges of this tramroad still appear on the property.

In 1927, shortly after Mrs. Sarah Kaempfer had executed a right of way for the public highway now traversing the property at the northern end, Mr. Simon caused a survey of the entire property to be made.

Shortly before the institution of this suit, Mrs. Kaempfer executed a mineral lease on the property to Herman Brown and a conveyance of a mineral interest in the property to J. C. Simon.

And, finally, the defendant Mrs. Sarah Kaempfer and her authors in title have paid all the taxes due and exigible on the property from the date of the sheriff's sale in 1893 to the present time.

■ With the exception of a few acres in cultivation, all the property was woodland at the time of the sheriff's sale, and is still woodland. Hence, the acts to which we have referred must be regarded as acts of ownership and possession sufficient in law to supply a proper foundation for the prescription of ten years acquirenda causa. Barrow v. Wilson, 38 La.Ann. 209; Chamberlain v. Abadie, 48 La.Ann. 587, 19 So. 574; Railsback v. Keith, 142 La. 747, 77 So. 586; Zahn v. Arensberg, 154 La. 70, 97 So. 301.

■ Plaintiffs contend, however, that defendant's plea of prescription cannot prevail, because the possession of defendant's ancestors in title or of defendant herself was not unequivocal. This contention is predicated on plaintiffs' claim that they, or their stepmother, Mrs. Algath Lockhart Riley, or their tenants, Dr. T. J. Willis and his wife, Mrs. Ida Willis, remained in possession of at least a portion of the property comprising the home place, from the death of Mrs. Cynthia Rebecca Parker, the first wife of A. J. Parker, in 1890, continuously to the present time, as owners of a record title extending back to the United States government, to an undivided one-half interest in the property.

In order to properly determine the question raised by plaintiffs, it is necessary to consider the following, together with the other facts we have hereinabove set forth, viz.:

A. J. Parker, after the death of his wife, Mrs. Cynthia Rebecca Parker, married Miss Algath Lockhart. This was on

March 23, 1891. A. J. Parker and his second wife, Mrs. Algath Lockhart Parker, lived on the tract of land in dispute until the death of Mr. Parker on March 3, 1896. After Mr. Parker's death, Mrs. Algath Lockhart Parker, moved away from the property, leaving it in charge of one Wheeler Blackstone. On December 15, 1898, Mrs. Algath Lockhart·Parker married a man named Riley, by whom she had two children. Mrs. Algath Lockhart Riley with her husband and their two children returned to the property in 1902. After remaining there for about a year and a half, the Rileys moved to Cass county, Tex., where Mr. Riley died in 1907. In 1909, Mrs. Riley leased a portion of the property to Dr. T. J. Willis and his wife, Mrs. Ida Willis. After the death of Dr. Willis in 1926, his wife, Mrs. Ida Willis, continued to live on the property. Mrs. Algath Lockhart Parker never returned to the property after she removed therefrom about the year 1904. None of the children of 'A. J. Parker and his first wife, Cynthia Rebecca Parker, have lived on the property since the death of their father, A. J. Parker.

On September 16, 1935, Mrs. Algath Lockhart Riley brought a jactitation suit in the First judicial district court for the parish of Caddo against Mrs. Sarah Kaempfer, the defendant herein, J. C. Simon and Herman Brown. In that suit, plaintiff alleged that she is the true and lawful owner and has been and is now in the actual physical possession of the entire tract of land containing 159.80 acres, in Caddo parish, which was acquired by Jacob Kaempfer at the sheriff's sale on November 20, 1893; that her actual possession of the property as owner has been continuous, uninterrupted, public, and unequivocal for a period of more than thirty years; and that the defendants are slandering her title by claiming the ownership thereof and by causing certain instruments affecting the property to be placed of record in the conveyance records of Caddo Parish, Louisiana.

The evidence on the trial of the jactitation suit related solely to the issue of plaintiff's possession; and a voluntary dismissal of the suit was entered against the defendants Simon and Brown. On February 23, 1937, a judgment was rendered in plaintiff's favor against Mrs. Kaempfer decreeing Mrs. Riley to be in possession of a specifically described 7.08 acres of the 159.80 acres of land described in the petition, and ordering Mrs. Kaempfer either to disclaim title to the 7.08 acres of land in question or to institute suit against Mrs. Riley in revendication of any right she may have within sixty days from the finality of the judgment.

Mrs. Kaempfer appealed to the Court of Appeal for the Second Circuit, and the entire record in that case has been filed in evidence in this case, Riley v. Kaempfer, 175 So. 884. The plaintiff in that case, Mrs. Algath Lockhart Riley, did not appeal, hence the judgment rendered in her favor decreeing her possession of the tract of land to extend to only 7 08 acres is final as to her.

Mrs. Kaempfer's appeal was dismissed by the Court of Appeal on motion of Mrs. Riley, alleging Mrs. Kaempfer's acquiescence in the judgment of the district court, because of the suit instituted on April 22, 1937, by Mrs. Kaempfer against Mrs. Riley and Mr. and Mrs. Frank Zeller under the No. 2827 at law in the United States District Court for the Western District of Louisiana. In that suit Mrs. Kaempfer alleges that she is the true and lawful owner of the 7.08 acres of land described in the judgment rendered by the First judicial district court for the parish of Caddo; alleges in detail the title under which she claims; and further alleges that Mr. and Mrs. Frank Zeller are in physical possession of the property, and that Mrs. Riley claims the ownership thereof by reason of a purported possession. Mrs. Kaempfer prays for judgment against all the defendants, recognizing her as the true and lawful owner of the property, and, as such, entitled to the full and undisturbed possession thereof, and ordering defendants to deliver the possession of the property to petitioner.

In the present suit, which was filed on June 25, 1936, the title to the 7.08 acres of land which were decreed to be in the possession of Mrs. Riley is not involved. The purpose of the suit is to establish title to the original tract of 159.80 acres of land, less the 7.08 acres in possession of Mrs. Riley.

Although the judgment rendered in the jactitation suit of Mrs. Riley against Mrs. Kaempfer, recognizing Mrs. Riley alone as the possessor of 7.08 acres of the tract of land originally owned by A. J. Parker, may not constitute res judicata as to the plaintiffs in this suit, it is clear under the pleadings and evidence in that case, together with the evidence in this case, that whatever actual possession adverse to the possession of Mrs. Kaempfer has been held by Mrs. Riley and her tenants, and that it embraced only 7.08 acres of the 159.80 acres constituting the A. J. Parker tract. The possession of Mrs. Riley was for herself and not for any other person. No contractual relationship existed between her and the plaintiffs, nor were they co-owners of the property. Plaintiffs did not possess the 7.08 acres jointly with Mrs. Riley, nor did they possess the 7.08 acres by or through Mrs. Riley.

Plaintiffs have not sued for the 7.08-acre tract in this proceeding. Their suit is for the recovery of the 159.80-acre tract, exclusive of the 7.08 acres in the possession of Mrs. Riley. And neither plaintiffs nor Mrs. Riley have been in possession of the property in dispute for more than thirty years. Hence, the acts of possession of Mrs. Kaempfer and her authors in title under the sheriff's deed of 1893 and the trustee in bankruptcy's deed of 1900, both translative of property, are sufficient to support the plea of ten years' prescription acquirenda causa.

In view of our conclusion that defendant's plea of prescription is well founded, it is unnecessary for us to pass upon plaintiffs' attack upon the proceeding and judgment in the suit of Mrs. M. A. Terry v. M. Kaempfer, wherein on July 17, 1909, Max Kaempfer was decreed to be the

owner and possessor of the property involved in this suit, which judgment is pleaded as res judicata by Mrs. Kaempfer.

For the reasons assigned, the judgment herein appealed from is affirmed.