**KAEMPFER v. ZELLER et al.**

**No. 2827.**

District Court, W. D. Louisiana,
Shreveport Division.

Nov. 15, 1938.

E. W. & P. N. Browne, of Shreveport, La., for plaintiff.

Foster, Hall, Barret & Smith, Robert L. Garrett, and J. B. Files, all of Shreveport, La., for defendants.

DAWKINS, District Judge.

Plaintiff brought this suit as a petitory action to quiet title to a small tract of land in the Rodessa oil field of Caddo Parish, described as follows: "Commence at the Northwest corner of Northeast quarter of Section 9, run South 0° 38″ West 411 ft., to fence, for point of beginning, thence South 72° East along fence 298 ft., South 64° 08″ East 194 ft., South 64° 08″ East 194 ft., South 15° 50″ East 530 ft., South 88° 15″ West 596 ft., to North and South center line of said Section 9, thence North along the said North and South center line of said Section 9 to place of beginning, all in Twp. 23 North, Range 16 West, Caddo Parish, Louisiana, and containing 7.08 acres, more or less."

She deraigns her title as follows:

A sheriff's deed to Jacob Kaempfer, father of plaintiff's husband, under writ of fi. fa., executed in the case of Jacob Kaempfer v. A. J. and W. B. Parker, No. 3524 on the docket of the First District Court for Caddo Parish, dated Nov. 23, 1893, recorded in Conveyance Book 14, page 497 of said Parish; a deed to said Max Kaempfer, dated Feb. 23, 1900, recorded in Conveyance Book 26, page 688 of the records of Caddo Parish; that plaintiff's husband, the said Max Kaempfer, died intestate on Dec. 18, 1910, and by judgment of the Probate Court of said Parish, she was recognized as the owner in community with said Max Kaempfer of a one-half interest in said tract of land, the other half being decreed to belong to the children of her said husband, to-wit, Louis G., Bertram M. and Jacob C. Kaempfer; that by warranty deed bearing date October 3, 1916, the petitioner acquired from the said heirs of her husband their undivided half interest in said property, as appears by authentic act, recorded in Conveyance Book 109, p. 783 of said records; that on August 17, 1933, petitioner and the said heirs of her said husband executed an agreement "correcting and revising the quit-claim deed above described, and also an instrument dated April 23, 1924, of the same tenor, dealing with the same property", and in which the said Jacob C., Bertram M. and Joseph Kaempfer "conveyed to petitioner with full guaranty of title, all of their rights, title and interest in and to the above described property", as per the deed recorded in Conveyance Book 340, page 59 of said records.

Petitioner further alleged that Mr. and Mrs. Frank Zeller and Mrs. Algah Lockhart Riley were in the "actual physical possession" of said property but without any right or title thereto. She prayed for service upon the Zellers and Mrs. Riley and for judgment decreeing petitioner to be the owner and entitled to possession of said lands. This suit was filed on April 23, 1937.

On May 25, 1937, Mrs. Riley answered the petition and set up title in herself and her step-children, the heirs of Cynthia Rebecca Parker, deceased, to the whole of a larger tract, in which the said 7.08

acres were embraced, described as the north ½ of the N. E. ¼ and N. W. ¼ of S. E. ¼ and S. W. ¼ of N. E. ¼ of section 9, township 23 N. range 16 W., in Caddo Parish, by the prescription acquirenda causa of more than thirty years.

Thereafter, on June 10, 1937, the step-children of Mrs. Riley and heirs of Cynthia Rebecca Parker, represented by the same counsel as Mrs. Riley, intervened and set up title in themselves to a .6403/14400ths interest in the whole of the said tract of 159.80 acres, based upon the possession of their said step-mother and her alleged tenants or lessees, substantially as claimed by Mrs. Riley.

The cause stood on default as against the Zellers until October 20, 1937, when they filed a joint answer to the original petition of plaintiff and intervention of the heirs of Mrs. Parker, setting up title in Mrs. Zeller by prescription of thirty years to the same 7.08 acres claimed by plaintiff.

Prior to the bringing of the present suit by Mrs. Kaempfer, defendant, Mrs. Riley had filed in the State Court of Caddo Parish an action of jactitation or slander of title against the said Mrs. Kaempfer and others, and in which Mrs. Riley alleged possession of the entire tract of 159 80 acres for more than thirty years. In that case possession was the sole issue and it was finally held by the trial court that Mrs. Riley had been in possession for more than one year of only the small tract of 7.08 acres, and the defendant Mrs. Kaempfer was directed to bring a petitory action to test the title in accordance with the provisions of the State Code of Practice. The appeal to the State Court of Appeals by Mrs. Kaempfer from this judgment was dismissed on the motion of Mrs. Riley, because it was shown that the former had acquiesced therein or executed it by bringing the present suit in this court to try the title. In the meantime, on June 25, 1936, the intervenors in the present case (heirs of Mrs. Cynthia Rebecca Parker) had brought a petitory action to try title against Mrs. Kaempfer in the State Court for the recovery of all of the remainder of said 159.80 acres, other than the 7.08 acres, the possession of which had been claimed by Mrs. Riley in the slander of title suit and the ownership of which is asserted by Mrs. Kaempfer in the present case. The District Court rejected the demands of the heirs of Mrs. Parker, holding the property to belong to Mrs. Kaempfer, and this judgment was affirmed by the Supreme Court. See Zylks et al. v. Kaempfer, 189 La. 609, 180 So. 425. This last decision has become final since the trial and submission of the present case and counsel for intervenors concede in brief that it is conclusive here as against everyone except defendant, Mrs. Riley, as to whom they contend the evidence establishes title to 28.52 acres, including the 7.08 acres claimed by the plaintiff.

The evidence as to possession in Zylks v. Kaempfer, supra, in the State court, was practically the same as in the present case, and was fully reviewed by Mr. Justice Rogers as the organ of the Supreme Court; and while Mrs. Riley was not a party to or bound by the judgment in that case, nevertheless, I think, as found there, she has failed to establish the continuous, uninterrupted, actual possession as owner, required by the law of the State to acquire title. She never, at any time, had any record title. The property was acquired from the government in 1887, during the community between A. J. Parker and his first wife, Mrs. Cynthia Rebecca Parker, whose undivided one-half interest as partner in the community was inherited by her ten children (the intervenors) at her death in 1890. The father, A. J. Parker, married the defendant Algah Lockhart (Mrs. Riley) March 23, 1891. They continued to live on the property together with the first wife's children until his death March 3, 1896. Shortly after his death, his widow (now Mrs. Riley) and her step-children moved off the property, leaving one Wheeler Blackstone in possession. On Dec. 15, 1898, she married Riley, by whom she had two children. Mr. and Mrs. Riley and their children moved back on the property in 1902. After remaining there about a year and a half, they moved to Texas, where they continued to live until Riley's death in 1907. In 1909, Mrs. Riley leased the improvements and a small tract of land around the house to Dr. T. J. Willis and his wife, who continued to live on the property until Willis' death in 1926. Mrs. Riley never returned to the property from the time she left it, about 1904.

In her slander of title suit, Mrs. Riley alleged possession of this 7.08 acres exclusively in herself, whereas in the present case she alleges it was possessed jointly

for her step-children, the heirs of Parker, and herself. The Supreme Court, in the Zylks case, supra, has conclusively found that she did not and could not possess for her step-children, because there was no privity of interest or agreement by which such possession could have been exercised.

 It also appears that Mrs. Kaempfer and her husband have exercised numerous acts of ownership and possession, including the payment of taxes, as fully described in the State court's opinion in Zylks v. Kaempfer, supra. Having no title, Mrs. Riley could only acquire, through continuous actual possession as owner for herself. From about 1904 to approximately the early part of 1909, neither she nor anyone for her was in possession and the present suit by Mrs. Kaempfer, as stated earlier, was filed in 1937, well within the thirty years necessary to vest title by the bar of possession of the Code. All the circumstances are as consistent with the assumption that her possession was for the benefit of the heirs of A. J. and Cynthia Rebecca Parker, as step-mother, as they would be with the contention that she possessed for herself. For a period of some sixteen or seventeen years, Mrs. Riley paid no attention to the property and the Willises, to whom she had delivered the small tract about 1909, most of the time recognized the Kaempfers as owners. Of course the Willises could not deny, as between themselves and Mrs. Riley, that they held for her, without first surrendering the possession so received to her. However, this rule does not go so far as to deprive a third person in the position of Mrs. Kaempfer from availing herself of the recognition of her title by the Willises, even though they were the tenants of Mrs. Riley.

There is no pretense that Dr. Willis and his wife, after the first few years, ever paid anything to Mrs. Riley for the use of the property, and the evidence tends very strongly towards supporting the conclusion that she had abandoned whatever claim she might have thought she had following the death of Parker.

Mrs. Zeller's claims are dependent upon the possession of Dr. Willis and it appears reasonably clear that he took it as lessee or tenant, which relation continued for some years thereafter.

I am of the opinion, therefore, that Mrs. Riley has failed to support her claims to the property by proof of possession for the required time and that the plaintiff, who holds an unbroken record title, dating back to 1893, and has exercised many acts of possession, is entitled to judgment as prayed for.

Proper decree should be presented.