No. 9659.

POLICE JURY OF EAST BATON ROUGE VS. WM. HUBBS, CLERK, ETC.

The Supreme Court has no jurisdiction over suit by mandamus to compel the clerk of a district court to give access to an employé of the police jury in his office for the purpose of transcribing mutilated archives, when the petition contains no moneyed demand, and the record fails to disclose any pecuniary interest exceeding $2000 in any of the parties to the suit.

APPEAL from the Seventeenth District Court for the Parish of East Baton Rouge. *Burgess*, J.

*Beale & Buckner* for Plaintiff and Appellant.

*Robertson & Russell* for Defendant and Appellee.

MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J. This is a proceeding by mandamus to compel the defendant to give access to his office and its archives, to a person authorized by contract with the police jury to transcribe portions of the archives which are mutilated.

The only jurisdictional allegation in plaintiff's petition is that plaintiffs have an interest in the suit exceeding one hundred dollars; this may have been sufficient to give jurisdiction to the district court, but evidently not sufficient to vest jurisdiction in this tribunal.

We find nothing in the record sufficient even to justify a strained supposition of jurisdiction over the case in this Court, and we are at a loss to conceive by what process of reasoning appellants may have been led to bring their appeal to this tribunal.

The question is entirely covered by the decision in the case of State ex rel. Police Jury of Livingston parish vs. F. W. Miscar, Sheriff et al. 34 Ann. 834, in which we refused to entertain an appeal in a case involving the right of the police jury to compel the sheriff and the clerk

of that parish to remove the archives of their respective offices from one place to another.

But it is useless to argue on a self-evident proposition.

The motion to dismiss based on our want of jurisdiction *ratione materiæ*, is eminently proper, and it must be sustained.

It is, therefore, ordered, that this appeal be dismissed at appellant's costs.