## No. 9720.

### THE STATE OF LOUISIANA EX REL. BRADISH JOHNSON VS. CITY OF NEW ORLEANS.

In a proceeding by mandamus for the cancellation of an inscription of the drainage tax mortgage, on the ground that the tax is not exigible against relator's property, either for want of consideration or for non-performance of the drainage contract, or on account of previous payment, the controversy does not involve the legality or constitutionality of the tax.

In such case the test of the jurisdiction of the Supreme Court is the amount of the tax in discussion, and the appeal cannot be sustained if said amount does not exceed two thousand dollars.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*T. Gilmore & Sons* for the Relator, Appellant.

*W. H. Rogers*, City Attorney, and *Wynne Rogers* for Defendant and Appellee.

The opinion of the Court was delivered by

POCHÉ, J. Relator seeks a judgment for the cancellation of the inscription in the mortgage office of drainage taxes in favor of the city of New Orleans against property which he owns in said city.

He predicates the relief which he prays for on the following averments substantially:

1. That said tax rests on no consideration in so far as it is intended to affect the property which he describes in his petition.

2. That said property had already been drained, and the tax for the same had been paid to the New Orleans Draining Company.

3. That the drainage work undertaken by the city of New Orleans, under color of the acts of the General Assembly of 1858, 1859 and 1871, has not been carried on, but, on the contrary, has been abandoned.

The city made no defense, and the district court dismissed the action as in case of non-suit, for the reason that relator had failed to prove the facts necessary to his success.

The amount of the tax complained of is $1,368.35, and therefore we have no jurisdiction of the case.

As it clearly appears from the allegations which make up the groundwork of the mandamus prayed for, this controversy involves purely and simply questions of fact.

Hence the legality or constitutionality of the tax in suit is not in contestation.

Relator does not complain, allege or intimate that the drainage tax is either illegal or unconstitutional, but his contention is that under the circumstances which characterize the condition of his property in reference to drainage, the tax inscribed against it cannot be exacted, either because it is not due, or because it had already been paid, or because the drainage work, which is the only consideration therefor, has not been carried on, but is abandoned.

These three questions of fact, depending for solution exclusively on evidence, cannot be construed as a contestation involving the legality or unconstitutionality of the tax under discussion.

And that feature of the controversy is the sole condition of our jurisdiction when the amount of the tax does not exceed two thousand dollars. Gillis & Kennett vs. Assessor, 33 Ann. 285; New Orleans vs. Blanks, 35 Ann. 1201; Cobb vs. Tax Collector, 36 Ann. 801; Breaux vs. Recorder of Mortgages, 36 Ann. 742.

It is therefore ordered that this appeal be hence dismissed.