*1309 The opinion of the court was delivered by
Watkins, J.
Appellees move to dismiss this appeal on the ground that this court has no jurisdiction ratione mátense of the subject matter of the suit, respondents being appellants from a judgment compelling them to cancel and erase certain tax inscriptions from the mortgage records, on the ground that the assessments thereof were null on account of certain informalities, the aggregate amount of said tax inscriptions being $930.60, a sum less than the lower limit of its jurisdiction.
Their contention is that, in a mandamus proceeding like the instant one, the question is the illegality vel non of the assessment, and not the legality of the tax; while that of the respondents is that the suit involves a question of title to the property — though improperly pleaded in such a suit — and it is worth more than $2000, thus seizing the court of complete jurisdiction.
We are of opinion that relators’ contention is correct. While it is true that the respondents excepted on the ground “that according to the public records the relators are-not the owners of the property in question, and have not the interest necessary to prosecute the suit,” and in their answer denied the relators’ ownership of the property and asserted their own, yet these self-serving allegations are unavailing for the purpose of converting a mandamus into a petitory action.
The case of Raymond vs. Villere, 42 An. 488, relied upon by the respondents’ counsel, is not a parallel case.
That was an action by mandamus to compel the recorder of conveyances “to cancel from his books several inscriptions purporting to show ownership of certain real estate in this city, in various persons, made co-defendants;” and the court substantially held that the relator’s petition disclosed no interest in him, as he had ceased to be owner, and that his action was palpably one in disguise to annul the titles standing in the names of other persons — therefore the issue presented was not legally determinable in that form of proceeding.
For the reasons therein assigned by the court for deciding that case in favor of the respondents, the demands of the respondents herein might possibly be sustained upon a trial of the merits; but in determining the jurisdiction of this court we must look through relators’ spectacles.
*1310 There is a wide difference between a rule taken for the cancellation of a mortgage and one for the cancellation of an inscription of a conveyance; the former operating as an incumbrance on property, and the latter being an accessory of the title to it.
To our minds it is clear that this suit does not involve the title to the property, but the legality of the assessment of taxes only; and, as the taxes in question are less than $2000 in amount, this court has no jurisdiction — there being involved no question of the legality or constitutionality of the tax involved.
Of course we do not decide any question other than that of the jurisdiction of this court, as the case is presented on the relators’ petition; but as a precautionary measure, we will fully reserve the respondents’ right to contest in a proper form of action the relators’ title of the property assessed.
Motion sustained and appeal dismissed.
Rehearing refused.