(91 South. 678)

No. 23473.

**STATE ex rel. MERIWETHER v. CITY OF SHREVEPORT et al.**

(Nov. 28, 1921. Rehearing Granted, and Case Transferred to Court of Appeal, May 1, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Municipal corporations** ⬤519(5) — **Paving claim not subject to prescription, and registry need not be reinscribed.**

Under Act No. 10 of 1896, § 4, providing that the municipality shall have a special privilege for paving assessments until paid which shall affect third persons from date of registry in the mortgage book of the parish, and providing also for the issuance of certificates

[1] 150 La. 756.

postponing time of payment, the debt is not prescribed in 10 years, under Rev. Civ. Code art. 3544, and the privilege is not lost by failure to reinscribe it within 10 years, under article 3369.

On Application for Rehearing.

2. **Courts** ⬤224(9)—**Suit to cancel certificates and liens not within jurisdiction of Supreme Court.**

The appeal in a suit to cancel paving certificates and liens for paving assessments is not within the jurisdiction of the Supreme Court, where the certificates and liens amount to less than $2,000, and the case will be transferred to the Court of Appeals.

Appeal from First Judicial District Court, Parish of Caddo; R. D. Webb, Judge.

Suit by the State, on relation of Minor Meriwether, against the City of Shreveport and others. From a judgment for the relator, defendants appeal. Case transferred to the Court of Appeal on rehearing.

B. F. Roberts, City Atty., of Shreveport, for appellants.

Smitherman & Tucker, of Shreveport, for appellee.

By the WHOLE COURT.

LAND, J. On October 12, 1917, the relator purchased from T. E. Stephenson, a resident of the city of Shreveport, La., lots 18 and 19 of the Sloan subdivision of said city.

Prior to the purchase by relator, these lots and their owner, T. E. Stephenson, were assessed, in accordance with Act 10 of the year 1896, for the sum of $162.14 on account of the paving of Creswell street in front of said property, and for the sum of $285.75 on account of pavement of 157 feet on Herndon street, or the entire depth of lot 19, and the lien and privilege in favor of the city was duly recorded. This assessment was made pursuant to a resolution of the city council of the city of Shreveport of date July 10, 1906, duly recorded, and there were executed, issued, and recorded, under said resolution five special paving assessment certifi-

cates, secured by lien and privilege upon said lots 18 and 19 of said Sloan subdivision of the city of Shreveport, the said certificates being dated July 11, 1906, four of the said certificates being for the sum of $32.43 each, and one for the sum of $32.42, and due and payable respectively in one, two, three, four, and five years after May 25, 1906, and bearing 8 per cent. per annum interest from May 25, 1906, payable annually.

There were also issued under said resolution of the city of Shreveport five special paving assessment certificates, each for the sum of $57.05, due in one, two, three, four, and five years from May 25, 1906, or sooner, at the option of T. E. Stephenson, the owner of said property, the said certificates bearing 8 per cent. per annum interest from May 25, 1906, payable annually; said certificates, together with interest and costs thereon, being secured by a special lien and privilege assessed against lot 19 of said Sloan subdivision, the property at that time of the said T. E. Stephenson.

The said liens and privileges and the evidences of such indebtedness were recorded in July, 1906, more than 10 years ago.

Relator alleges that said liens and privileges and the evidence of the said liens and privileges have never been reinscribed upon the records of the recorder's office of Caddo parish, La., in accordance with the law; that the said liens and privileges to secure the payment of the said obligations have preempted and prescribed; that plaintiff is entitled to have the same canceled and erased from the records of Caddo parish, and to have his property declared to be free from said liens and privileges; and that no payment on account of the principal or interest has been made upon the said paving certificates for more than five years from May 1, 1918, the date of the filing of this rule. Relator also made the board of trustees of the fireman's relief and pension fund, a department of the government of the city of Shreve-port, a party defendant to this rule, alleging that said board is the holder and owner of the paving certificates in question. Relator alleges that the district clerk of Caddo parish refused to comply with his request. The clerk, in his answer to the rule, states that he is without legal right or authority to make such cancellations and erasures.

The city of Shreveport and the board of trustees of the fireman's relief and pension fund answered the rule, and averred that the relator is not entitled to have said special assessment, lien, and privilege canceled from the mortgage records of Caddo parish, La., and that the same have not become pre-empted or prescribed, and that they are now valid obligations standing against said property in favor of the city of Shreveport.

The judgment of the lower court directed the clerk to cancel and erase from the mortgage records of Caddo parish the resolutions and paving assessments made by the city of Shreveport against said lots, on the ground that the lien and privilege against said property by virtue of the recordation of said resolutions and paving assessments had pre-empted, for want of reinscription within 10 years, as required by law.

[1] We gather from the opinion of the lower judge that he held that the debt created under the provisions of Act 10 of 1896 must be held imprescriptible, but that the mere fact that the debt may be imprescriptible does not render it unnecessary that it should be reinscribed within 10 years, so as to preserve the privilege which it may carry against certain property as against third persons. Section 4 of Act 10 of 1896 reads as follows:

"Be it further enacted, etc., that the *sum assessed against said real estate* and railroad track and road bed shall be due and collected within (10) ten days after the completion of the work and its acceptance by the mayor and city engineer and if not paid within the said (10) ten days the municipal authorities shall have the power to proceed by suit *against the said owners and said real estate* and railroad

company and track to collect the delinquent assessment, and the *said municipality shall have a special privilege on said property or properties to secure the payment of the sum assessed against it* with eight per cent. interest per annum thereon from the expiration of said (10) ten days *until paid*, which privilege shall be a *first privilege* over all other claims except taxes; *said privilege shall affect third persons from the date of the registry of the assessment in the mortgage book* of the parish in which said real estate is situated, provided that the city councils, instead of enforcing the said assessment within the time above fixed upon the payment in cash, by the property owner, of 20 per cent. of the amount due by said property owner, may in their discretion authorize the mayor to sign and issue *certificates showing the amounts respectively due by the persons and properties* on streets and alleys and intersections so paved or improved which shall be payable in 1, 2, 3, 4, and 5 years (or sooner at option of owner of the property) with 8 per cent. interest per annum, interest payable annually *which said certificates* (when a copy of same are recorded with the assessment as aforesaid in the parish as aforesaid) duly paragraphed as being recorded by the recorder of mortgages *shall be secured by 1st privilege on the property* prior to all other charges except taxes, and may be transferred carrying the lien and privilege of the transferee at their face value to the contractor in payment of work and paving done on the said streets, alleys and railroad tracks as aforesaid." (Italics ours.)

The above provisions clearly show that the sum assessed for paving is against the property; that the municipality has the power to proceed by suit against the owner and the property; that the municipality has a special first privilege in its favor on the property to secure the payment of the sum assessed against it; that said privilege exists until said sum and interest are paid; and that the only provision as to the recordation of the first privilege in favor of the municipality on the propriety is that such privilege shall affect third persons from date of registry of the assessment in the mortgage book of the parish in which the property is situated. The act provides also that the certificates showing the amounts respectively due by the persons and properties on streets or

alleys paved or improved, when copies of same are recorded with the assessment, shall be secured by first privilege on the property.

In the case of Barber Asphalt Paving Co. v. King et al., 130 La. 788, 58 South. 572, this court held that, in view of Act 73 of 1876, § 3, providing that the cost of paving shall be a lien upon the abutting property until paid, and the fact that the 10-year limitation statute (Revised Civil Code. art. 3544) applies only to personal actions, while paving claims are strictly claims in rem, such claims are not prescribed by the lapse of 10 years.

It was also held in this case that, under Act 73 of 1876, § 3, providing that the cost of paving shall constitute a lien upon the abutting property until paid, it is not necessary to reinscribe the claim within 10 years in accordance with Revised Civil Code, art. 3369, providing that the effect of registry shall cease if the inscriptions have not been renewed before the expiration of 10 years. 130 La. 788, 58 South. 572.

The provisions of Act 10 of 1896, § 4, are similar to those of Act 73 of 1876, § 3, and therefore the former must be interpreted to have the same effect as the latter in the matters of prescription and of reinscription of paving claims.

In other words, the privilege on the property as well as the local assessment, the debt on the property, are imprescriptible under such statutes.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and relator's demand is rejected, and his suit dismissed at his cost.

O'NIELL, J., concurs in the result.

On Application for Rehearing.

DAWKINS, J. [2] Having discovered on the application for rehearing that the certificates and liens sought to be canceled in this case do not amount to $2,000, and there

being no other issue in the case vesting this court with jurisdiction, a rehearing is granted, and the same is transferred to the Court of Appeal, Second Circuit, to be proceeded with according to law; appellee to pay costs of the appeal; all other costs to await final judgment.