## No. 352

### First Circuit

---

## W. W. DUSON, INC., v. HUNSICKER ET AL.

---

(December 4, 1928. Opinion and Decree.)
(January 9, 1929. Rehearing Refused.)

---

Gilbert L. Dupre, of Opelousas, and O. E. Guillory, of Ville Platte, attorneys for plaintiff, appellant.

R. Lee Garland, of Opelousas, attorney for defendant, appellee.

ELLIOTT, J. W. W. Duson, Inc., claims to be the owner of 157.52 acres of land situated in the Parish of Evangeline, being Lot No. 3 of Sec. 50, and Lots Nos. 1, 2, 3 and the SW¼ of the NW¼ of Sec. 52 all in Township 3 S. R. 1 E., of the South Western Land District of Louisiana. It sets out its title by mesne and intervening conveyances to Alphonse Levy, and a patent issued to said Levy for said land by the State of Louisiana dated October 27, 1891.

It alleges upon information and belief that through inadvertence and error on the part of the land office officials, another patent was issued in favor of Henry Hunsicker, calling for the same land, dated August 17, 1906.

That Cleophas Guillory, Joseph Armile Guillory, Pierre Guillory, J. B. Jean, Mrs. Amelie Deshontels, Arnold Deshontels, Avernent Brunot and Armond Morein each claim the ownership of a part of said land under titles deraigned from said Hunsicker, and based on said patent issued to him. That the State having parted with all its rights and titles to said land by virtue of said patent issued to Alphonse Levy, the patent subsequently issued to said Hunsicker was an absolute nullity, and that the titles of the said defendants, based thereon, are also null and void.

That the property is wild swamp woodland. That neither party is in actual possession. That plaintiff is entitled to have its title to said tract of land cleared as to said adverse titles. It brought suit for that purpose under Act 38 of 1908, and prays for recognition as the owner of said land under its said titles, and that the opposing titles be cancelled.

Henry Hunsicker, named in the petition as a party defendant, did not appear, and as no default was entered against him, he is not before this Court. The other defendants appeared and answered. They deny plaintiff's alleged ownership and set up ownership and possession in themselves under their titles deraigned from Henry Hunsicker and the patent issued to him.

They allege that the patent issued to said Hunsicker under which they claim, is valid, and that the one issued to said Levy is null and void. They urge as ground for its nullity that no entry was made of same in the entry book of the land office.

Plaintiff's averment that the land is wild swamp woodland is not denied, but the defendants each set up actual possession under just titles duly recorded in good faith more than ten years, and plead in aid of their title the prescription of ten years by which immovable property is acquired under Civil Code Articles 3478 et seq.

The District Judge without considering the opposing patents, sustained defendants' plea of prescription and rejected plaintiff's demand on that account. The plaintiff has appealed.

The appeal brings before us only the ruling of the Court on the question of prescription.

The pleadings and the evidence show that the land in question is low swamp land subject to overflow, and not susceptible of cultivation or permanent habitation. That the defendants obtained title from Henry Hunsicker, December 31, 1906, and same was duly recorded on or about that time in the conveyance records of the Parish of St. Landry, in which parish the land was situated at that time. That the parties Cleophas Guillory, Pierre Guillory, Lubin Fontenot, Jean Baptiste and Gus Miller, purchasers from Henry Hunsicker, had his title examined by an attorney before buying. His title was the patent that had been issued to him, and the attorney advised that it was all right.

The Levy patent had been recorded in the patent book, but no notation or entry appeared on the entry books of the land office showing that the land had been sold or otherwise disposed of by the State; consequently, according to the books, ordinarily the guide in such matters, the land in question was subject to sale and was purchased by said Hunsicker accordingly.

At the time defendants and their authors purchased from Henry Hunsicker, it was not known that a patent had previously issued to Alphonse Levy, due to the fact mentioned. The parts of the tract of land purchased by each of the defendants from Hunsicker were surveyed by R. M. Hollier, surveyor, in less than a year after their purchase, and the limits of each were definitely established and marked, and the boundary marks and limits of each have been kept visible by the parties claiming within said limits. Some of the first purchasers from Hunsicker subsequently sold parts of their tract. The purchasers from them are the other defendants. Defendants were assessed for the land from the time they obtained titles, and each, annually, paid State and Parish taxes thereon. Their possession from the beginning was by titles in due form and acquired in good faith. They cut and removed timber for their own use at different times. Commencing in July, 1907, they sold the white oak timber on their respective tracts, some to Kern & Company, others to Friedlaender & Olieven Company. These purchasers forthwith cut roads, built camps, carried on the work of cutting and removing the timber purchased, and finished within a year after they had commenced operations.

The evidence does not show that the defendants were aware of the outstanding patent and title chain deraigned therefrom until this suit was filed. The plaintiff never had the land surveyed, never exercised over it any active possession, but the evidence shows that some eighteen or

twenty years ago, counted from the time of the trial, J. E. Miller was hired to look after it. Miller testifies that he went over it, and noticed that depredations had been committed. That the agents of Kern & Company and of Friedlaender & Olieven were cutting and removing timber, which fact he says he reported to his employer, but it does not appear that his employer ever took any notice of it, and no effort was made to stop it nor were the defendants warned of the adverse claim.

The evidence shows, however, that the Pacific Improvement Company, and after them, A. R. Scott, authors of plaintiff, paid taxes on the property from 1916 to 1926.

This suit was filed in February, 1927, so that the question is: Are the titles which the defendants acquired from Henry Hunsicker, in fact just titles, acquired in good faith, and were the acts of the defendants after buying and taking title from Henry Hunsicker, sufficent to establish the taking, commencement and maintenance of the actual, continuous, peaceable, public and unequivocal possession required by the Civil Code Articles 3478 and 3487? The land could have been fenced, but that is not done except when it is valuable for pasturage. The evidence does not show that this land is valuable as such.

If the defendants' acts were not sufficient, then the prescription pleaded is seldom applicable to lands of this character. But the law provides that it shall be applicable. "What shall be considered a delivery of possession is determined by the rules of law applicable to the situation and nature of the property." C. C. Arts. 1924 and 2247.

The Supreme Court has considered acts of different kinds, acording to the situation and nature of the land, sufficient for the purpose of taking, commencing and maintaining the actual possession of land of this character. Ranson vs. Long, 13 La. Ann. 523; Barron vs. Wilson, 38 La. Ann. 209; Michel vs. Stream, 48 La. Ann. 341, 19 So. 215; Chamberlin vs. Abadie, 48 La. Ann. 587, 19 So. 574; South La. Land Co. vs. Riggs Cypress Co., 119 La. 193, 43 So. 1003; McHugh vs. Albert Hanson Lumber Co., 129 La. 680, 56 So. 636.

The surveying, marking, keeping marked definite boundary limits, and cutting and removing the white oak timber, opening roads, building and occupation of camps for the purpose, all under the authority of the defendants, amounted to the taking and commencement of an actual possession by each of the purchasers more than ten years previous to any knowledge of plaintiff's claim, and ousted from the beginning of same any possession that may, have existed by virtue of the patent issued to Alphonse Levy.

We, therefore, hold that the defendants' plea of prescription under the Civil Code Article 3478 et seq. was properly sustained.

## ON REHEARING

Plaintiff claims that the defendants must depend on their own act in order to sustain their actual possession in the beginning. This is true. Some of these recorded owners of the land sold the timber on their respective tracts to Kern & Company, and others to Friedlaender & Olieven Company, and these timber purchasers immediately entered on the several tracts which together comprised the entire Hunsicker tract under the authority of the title owners of the land, and commenced removing the timber in the way stated in the opinion.

We therefore think that the operations of these parties, entering on the land, and removing the timber in the way stated in the opinion, was as to the world, the act of the defendants, was a public manifestation of the authority that the defendants exercised over the land, their control of it, and indicated their open possession of it.

For these reasons the rehearing is refused.