## NIELSON v. HAAS et al.
### No. 2049.

Court of Appeal of Louisiana. First Circuit.
Dec. 20, 1939.

Dubuisson & Dubuisson, of Opelousas, for appellant.

O. E. Guillory, of Ville Platte, and Haas & Haas, of Opelousas, for appellees.

LeBLANC, Judge.

The plaintiff in this suit is an only child, issue of the marriage between her father and mother, Dr. W. A. Quirk and Mrs. Belle Hawkins. On March 15, 1890, while her mother was still living and the community of acquêts and gains between her and her husband existed, Dr. Quirk bought a tract of land containing eighty-three acres more or less, from Pierre Johnson, included in which is forty acres in the sub-division designated under government surveys as the S.E.¼ of the S.W.¼ of Section 18, Township 4 S.R. 1, West, La. Med. Mrs. Quirk, plaintiff's mother, died on August 19, 1892, and several years thereafter, on July 16, 1901, her father sold the said S.E.¼ of the S.W.¼ of Section 18, to John W. White, Jr. Through mesne conveyance, title to the said property eventually passed to Dr. John A. Haas and is now claimed, since his death, by his widow in community Mrs. Jeannette Roos Haas and his daughter, Mrs. Nathalie Haas Hirsch.

Plaintiff, claiming to be the owner of an undivided one-half interest in said property, the same being the community interest of her mother which she inherited on the dissolution of the said community at her mother's death and which did not pass at the sale made by her father on July 16,

1901, and claiming further that neither she nor Mrs. Jeannette Haas and Mrs. Nathalie Hirsch who also claim to own the same, are in possession, instituted this suit under the provisions of Act No. 38 of 1908 to have herself declared to be the absolute owner thereof and, as such, entitled to possession.

The defendants first filed exceptions of vagueness and of no cause or right of action which were overruled and which, we observe, are not urged before this court. They then answered denying generally all the allegations of plaintiff's petition except those with reference to the acquisition of the property by Dr. Haas from whom it descended to them. They aver that they and their authors in title have been in actual physical possession by a title translative of property for more than ten years and plead the prescription of that period acquirendi causa. Alleging further that Dr. John A. Haas, having acquired the property by title derived from Dr. W. A. Quirk who warranted the same, they called on the latter as warrantor to come and defend their title.

Pleading then in the alternative and as plaintiffs in reconvention, defendants set out that in the original purchase made by plaintiff's father of the eighty-three acre tract of land there were included two governmental sub-divisions of approximately forty acres each, forming one body of land; that by the sale of the forty acre tract herein involved, he disposed of his one-half interest in the larger tract and it was in effect a partition of the larger tract between himself and his daughter, intending to deliver and quitclaim to her the other forty acre tract when she became of age, and they now call on her to accept or reject the said partition or to sue for a partition of the whole eighty acre tract, to which however they plead estoppel and five years' prescription.

As a further alternative, and still pleading in reconvention, defendants aver that in the event it should be held that plaintiff is the owner of an undivided one-half interest in the forty acre tract in contest herein, they are entitled to recover certain specified amounts from Dr. Quirk, under his warranty of title, for a proportionate share of the taxes paid by them, one-half of the amount of the purchase price, and attorneys fees. The prayer of the answer is in accordance with the various pleas and demands therein set out.

Dr. Quirk, in answer to the call in warranty made on him filed an exception of no cause of action and under reservation of same, an answer in the form of a general denial. The exception was overruled by the district judge.

On the day on which the case was set for trial on all issues presented under the pleadings, defendants filed further pleas of five years' prescription, legal and equitable estoppel and ten years' prescription acquirendi causa. The case was then tried on all pleas and on the merits as well but after hearing, the district judge sustained the plea of five years' prescription, dismissed the plaintiff's suit and decreed the defendants to be the owners of the property. The decree also dismissed the call in warranty against Dr. W. A. Quirk and also all other pleas of the defendants. From that judgment the plaintiff alone has appealed. Defendants took no appeal nor did they answer the appeal taken by the plaintiff.

The plea of prescription of five years which was sustained by the district judge is one based on Article 3542 of the R.C.C., which provides for that form of prescription against actions for nullity or rescission of contracts and for recission of partitions, and which, as affects minors, commences to run after their majority. The district judge took the position that this was an action to annul a contract of sale and as the plaintiff had attained her majority by a period long in excess of five years before filing her suit, she was barred under the prescription pleaded. The district judge referred to particularly and quoted from the following decisions to support his ruling: Vaughan et al. v. Christine et al., 3 La.Ann. 328; Doucet et al. v. Fenelon, 120 La. 18, 44 So. 908; Barnes et al. v. Barnes et al., 155 La. 981, 982, 99 So. 719, and Doiron v. Lock, Moore & Co., 165 La. 57, 115 So. 366.

We can find no application of the ruling in any of those cases to the present action which is one brought by the plaintiff under the provisions of a special statute to have herself declared to be the owner of a tract of land which is also claimed by the defendants, upon her allegation that none of them are in possession. The cases cited involved actions to set aside sales or transactions made by tutors during the minority of the plaintiff, or public sales made to effect a partition of property; or again actions to set aside contracts which had been executed

by the parties attacking them themselves and who had ratified them or again, contracts sought to be annulled on the ground of want of mental and physical capacity and fraud.

■ In the present case, the plaintiff is not attacking the contract made by her father by virtue of his sale to John D. White, Jr., on July 16, 1901. That sale was purely res inter alios acta. Her father did not pretend to represent or act for her as her father or in any capacity as tutor or otherwise. She is a total stranger to the transaction and is not affected one way or the other by it. She is not questioning the right of her father to have disposed of his interest in the property and concedes that the sale as far as his interest was conveyed is perfectly valid. But the sale by him could certainly not convey her interest in the property which she had acquired from her mother and with which she became vested upon the dissolution of the community existing between her father and mother at the latter's death. Mere silence on her part could not cause her the loss of title to her property "except by effect of the laws of prescription." Long et al. v. Chailan et al., 187 La. 507, 175 So. 42, 49. The laws of prescription by which she could have lost that title are those relating to the prescription acquirendi causa and not those barring actions to annul or rescind contracts of sale. We reach the conclusion therefore that the lower court erred in sustaining the plea of five years' prescription under Civil Code, Article 3542. That plea will have to be overruled.

Our overruling of the plea on which the lower court dismissed plaintiff's suit calls for consideration of other important points raised on appeal. Inasmuch as defendants have not appealed from the judgment of the lower court dismissing all other pleas, nor have they answered the appeal taken by plaintiff, counsel for plaintiff now contends that in all other respects than that part of the decree from which the judgment was appealed, it has become final and plaintiff is entitled to have judgment decreeing her to be the owner of the property claimed. Counsel for defendants, on the other hand, contend that in the event the plea of prescription of five years be overruled in this court, inasmuch as the case was tried on all other pleas and on the merits as well, and the whole record has been made and sent up on appeal, this court should give consideration to all the issues presented and proceed to a final decision of the case.

■ Whilst it is stated in the decree at the end of the judgment of the district court that other pleas of the defendants are dismissed, that statement can not possibly be reconciled with the conclusion reached by the court and which in its own words is that the court did not find it necessary "to pass on the other defense pleas for the reason that we believe prescription of five years will be maintained." Evidently that part of the decree was rendered by inadvertence. Besides, we find the plea of ten years' prescription based on a title translative of property coupled with possession, to be so closely connected with the merits of the case that it can be said to be a part of the merits themselves. As a matter of fact that plea is urged in the answer filed by the defendants. Testimony was taken on the question of possession over the objection of counsel for plaintiff but in view of its ruling on the plea of five years' prescription, was not considered by the court. These, it strikes us, are matters which the parties are entitled to have passed on by the lower court before they can be considered on appeal.

We have concluded therefore that as the judgment of the district court will necessarily have to be reversed on the plea of five years' prescription, the proper proceeding will be to remand the case to that court to the end that the parties may be given further hearing on the remaining pleas and on the merits, and the district court afforded further opportunity of passing thereon.

For the reasons stated it is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby set aside, annulled and reversed, and it is further ordered, that this case be remanded to the district court to be further proceeded with in accordance with the views herein expressed. All costs of this appeal to be paid by the defendants, appellees; all other costs to await the final determination of the case.