## NEILSON v. HAAS et al.
### No. 2167.

Court of Appeal of Louisiana. First Circuit.

Dec. 12, 1940.

Rehearing Denied Jan. 14, 1941.

Writ of Error Refused March 3, 1941.

Dubuisson & Dubuisson, of Opelousas, for appellant.

Haas & Haas, of Opelousas, and O. E. Guillory, of Ville Platte, for appellees.

OTT, Judge.

This case was before this court on a former appeal, and the judgment which sustained a plea of five years prescription was reversed and the case was remanded to be proceeded with in accordance with the views expressed in the opinion. 192 So. 716. It is not necessary to state again all the issues, except to say that the plaintiff claims to be the owner of an undivided half interest in 40 acres of land in Evangeline Parish purchased by her father during his marriage with plaintiff's mother and sold by the father after the death of his wife, plaintiff's mother. The property was purchased by plaintiff's father in 1890 and his wife died some two years later, leaving plaintiff as her sole forced heir, then a minor. While plaintiff was still a minor, her father, in 1901, made a deed to this 40-acre tract of land to John W. White, Jr., and the defendants are claiming the property through regular mesne conveyances down to Dr. John A. Haas, now deceased, one of the defendants being his surviving widow in community and the other his sole heir.

In their answer and by special plea, the defendants presented as a defense to the suit a plea of ten years' prescription acquirendi causa, under Article 3478 et seq. of the Civil Code. This plea has become the principal issue to be decided. On the remand of the case, this plea, together with the other issues raised, was submitted on the record as previously made up and the trial court sustained the plea of prescription and dismissed the suit of plaintiff. She has again appealed.

The defendants in their answer set up the prescription of ten years in the following language: "Further answering, respondents aver that they and their authors in title have had actual physical dominion and possession of said property by title translative of property and believed to be good for more than ten years back of the filing of this suit and now plead the acquisitive prescription of ten years."

In a separate and later plea they again urge the prescription of ten years acquirendi causa in support of their title.

On the trial of the case, the defendants offered testimony to prove possession of the property by them and their deceased father in support of their plea of prescription. This evidence was objected to by plaintiff's counsel on the ground that there are no allegations in the answer or plea showing the kind and quality of possession relied on to support the plea; that is to say, the defendants did not set out sufficient facts in either their answer or their special plea to justify the introduction of evidence in support of the plea.

It is argued by plaintiff's counsel that prescription must be pleaded expressly and specially (C.C. Art. 3464) which implies that in pleading the acquisitive prescription of ten years under a title translative of property, the pleader must allege such facts as will show that his possession meets the requirements of Article 3487 of the Civil Code; viz., that he possessed the property in fact and in right as owner; that his possession was continuous and uninterrupted, peaceable, public and unequivocal.

Article 3488 of the Civil Code provides that the possessor under a title is presumed to possess as owner. It is only necessary to refer to the above-quoted allegation in defendants' answer to see that they allege possession under a title from which the presumption arises that their possession was as owner. When defendants further allege that they and their authors in title have had actual physical dominion and possession of the property under a title translative of property for more than ten years and specially plead the acquisitive prescription of ten years in support of their title, we think their allegations as to the nature of their possession are sufficient to permit the introduction of proof in support thereof.

Of course, the person pleading prescription must clearly and specially designate the particular prescription that he relies on to support his ownership. A general plea of prescription is too vague and indefinite to enable the court and the other party to the suit to determine just what the pleader relies on and the nature of the evidence that he expects to produce to support his plea. Gaines v. Succession of Del Campo, 30 La.Ann. 245; Succession of Drysdale, 130 La. 167, 57 So. 789. But in this case the defendants have not only expressly and specially designated the particular prescription which they rely on, but they have alleged the essential facts to serve as a basis for that prescription. While as a general rule, a pleader must allege what he is required to prove, yet he is not required to allege the details of his proof nor set forth the evidence which he expects to offer in support of his case.

■ Before leaving this part of the case, we deem it necessary to refer to and comment on the case of Self v. Goins, 9 La.App. 731, 120 So. 226, 227, decided by this court and largely relied on by appellant. In that case the defendant merely alleged that she had been in possession of the property for more than thirty years. She did not specially plead the prescription of thirty years, nor did she allege that she had been in possession of the property for that length of time as owner, continuously and uninterruptedly, publicly and unequivocally, as required by Article 3500 of the Civil Code. It will be noted that in that case the prescription of thirty years was involved and not that of ten years as in this case. As already stated, one possessing under a legal title is presumed to possess as owner and in good faith, whereas, no such presumption arises in favor of one who does not lay claim to any title or right whatever to justify his possession.

However, in the cited case, it is obvious that the principal ground for holding that the allegations were insufficient to support the plea was because of the fact that the plea was not specially urged as will appear from the following extract from that case: "The fact is that she does not plead the prescription of 30 years, and contents herself by merely averring her undisputed possession of 30 years."

We conclude, therefore, that evidence was properly admitted to show possession under the prescription of ten years.

The evidence shows that in 1923, shortly after the death of Dr. Haas, the record owner of the land, Mr. Allen Dezauche, the land agent of Dr. Haas, and who continued to act in the same capacity for the widow and heir, sold the timber on the tract of land to one C. C. Ellis who was operating a sawmill in the vicinity. Under this authority from the record owners of the land, Ellis went upon it with teams and employees and cut and removed all the timber which at that time was suitable for saw logs. Payment for the timber was made to the record owners, represented by this agent, in lumber, and proper entries of the transaction were made in the books kept by these owners by their agent.

The evidence further shows that the taxes have been paid on this tract of land by Dr. Haas or his widow and heir every year since it was acquired by Dr. Haas. No other person, so far as the record shows, during this time has made any attempts to possess the land or exercise any acts of ownership over it. The land is woodland with no part of it in cultivation. Stumps and tops remain on the land as vestiges of these acts of possession on the part of the record owners. We have not been informed of any other possession which could have been exercised over this cutover woodland after the timber was removed other than the payment of taxes on it, indicating an intention to continue this possession and claim of ownership.

■ The occasional and intermittent cutting of timber on uncultivated woodland and in small quantities is not sufficient to support the kind of possession required under the prescription of ten years. Frederick et al. v. Goodbee et al., 120 La. 783, 45 So. 606; Lacroix v. Crane, 133 La. 227, 62 So. 657. But where one shows that he has obtained actual, corporeal possession of the property, that possession is presumed to continue unless a disturbance or surrender of that possession is shown. C.C. art. 3492. And civil possession, such as the payment of taxes, will preserve and continue the actual, corporeal possession already begun. C.C. art. 3442; Wilcoxon v. Rogers et ux., 16 La. 6.

■ Actual possession of the land was begun by these defendants in 1923 when they sold all of the merchantable timber on the land to Ellis and the latter under this authority entered upon the land and openly and publicly cut and removed this timber therefrom. Baldwin et al. v. Arkansas-Louisiana Pipe Line Co., 185 La. 1051, 171 So. 442; Zylks et al. v. Kaempfer, 189 La. 609, 180 So. 425.

The point is made by learned counsel for appellant that the cutting and removal of the timber by Ellis is not sufficient to show possession in the defendants for the reason that the evidence does not show that the former was acting for and on behalf of the latter, or as their legal representative; that the acts of Ellis were not notice to the public and to the plaintiff that he was acting for the defendants and under their authority as claimants of the land. We cannot agree with that contention.

A person may acquire the possession of property not only by himself, but also

through others who receive the possession in his name and under his authority. C.C. art. 3438. There is no question in this case but that Ellis took possession of the land and removed the timber thereon under authority given him by the defendants through their agents. This possession was notice to the world that defendants claimed the land and a right to its possession under the recorded title to Dr. Haas and as his successors in ownership. See Duson, Inc., v. Hunsicker et al., 9 La.App. 657, on rehearing at page 659, 120 So. 86, on rehearing at page 87.

Finding no error in the judgment appealed from, the same is hereby affirmed at the cost of the appellant.