**52 So.2d 444**

**HEIRS OF P. L. JACOBS, Inc. v. JOHNSON et al.**

**No. 39840.**

April 23, 1951.

Wallace & Stinson, Benton, for appellants.

Blanchard, Goldstein, Walker & O'Quin, Shreveport, for appellee.

PONDER, Justice.

The plaintiff brought an action in jactitation against the defendants, alleging that they were slandering the plaintiff's title to forty acres of land located in Bossier Parish. The defendants answered and set up title to the property, thereby converting the suit into a petitory action. The plaintiff, defendant in the petitory action, interposed a plea of prescription acquirendi causa based on possession under title translative

of property for more than ten years. On hearing, the lower court sustained the plea of prescription and gave judgment dismissing the petitory action. The defendants, plaintiffs in the petitory action, have appealed.

It appears from the record that the tract of land involved in this suit is hill land and suitable for the growing of timber. A portion of the land was cultivated many years ago, but at the present time and for some years prior thereto it has been unoccupied. The timber was removed from the land in the year 1924. The record does not affirmatively show that the land is of sufficient value to give this Court jurisdiction of the appeal. It was conceded by counsel for the opposing parties, on submission and argument of the appeal, that the record did not affirmatively show that the land was of a value exceeding $2,000. We have examined the record and find that the consideration set forth in prior transfers of the land does not indicate that the land is of sufficient value to give this Court jurisdiction of the appeal. The same is true with reference to mineral deeds and leases affecting the land which are incorporated in the record. Neither the pleadings nor the record, as made up, disclose that this Court has appellate jurisdiction in this case. Under the provisions of Section 10 of Article 7 of the Constitution, this Court does not have jurisdiction of an appeal when the property does not exceed $2,000 in value.

For the reasons assigned, the case is ordered transferred to the Court of Appeal, Second Circuit, provided that the record be filed in that court within thirty days, on which this appeal shall become final; otherwise, the appeal shall be dismissed. The cost of the appeal to this Court is to be paid by the appellants. All other costs shall await the final disposition of the case.