HAWTHORNE, Justice.
This is a mandamus proceeding in which the relator seeks to compel Lucille May Grace, Register of the State Land Office, to cancel and erase a cancellation of a certain tax adjudication, and to compel her to instruct and authorize the clerk of court for the Parish of St. Charles to cancel the certificate of cancellation upon the records of his office. His suit was'dismissed on exceptions to the jurisdiction ratione materiae of the lower court and of no cause and no right of action, and he has appealed to this court.
In his petition relator alleges that he is the owner of approximately 10 acres of land in the Parish of St. Charles, subject to a tax adjudication to the state, hereinafter discussed; that the property was acquired by Archie B. Graves from the Truck Farm Land Company, Ltd., by act dated December 30, 1913, and by relator from Archie B. Graves and Robert B. Graves (shown to be the sole and only heir of his *1003 deceased mother, wife of Archie B. Graves) by act dated July 25, 1942; that the property was adjudicated to the State of Louisiana for unpaid drainage district taxes for the year 1912, as per deed dated August 9, 1913, under assessment in the name of Truck Farm Land Company; that the adjudication to the State of Louisiana was cancelled by the Register of the State Land Office on October 2, 1942; that this cancellation was erroneous and contrary to law for numerous reasons set forth in the petition. In the alternative relator alleges that, in the event the cancellation was proper under the law, the facts stated in the sworn statement made by the secretary-treasurer of the Sunset Drainage District, which was the basis of the cancellation, were untrue.
In a supplemental petition relator further alleges that he sought to redeem the property, but that redemption was refused by the State Land Office on the ground that the adjudication from which the redemption was sought had been cancelled, and alleges also that the property rights which are the subject of this suit have a value in excess of $10,000.00. ‘
The relief he seeks is expressed in his prayer as follows: “That an alternative writ of mandamus issue herein directed to Lucille May Grace, Register of the State Land Office for the State of Louisiana commanding her to cancel and erase the said cancelation of the tax adjudication of the hereinabove described property commanding her to instruct and authorize the Clerk of Court for the Parish of- St. Charles to-cancel said certificate of cancelation upon the records of his office or to show cause to the contrary on such a date and such an-hour as the court may appoint.”
During argument of the case ini this court, the question of our appellate.jurisdiction was raised, and after our examination of the record we are convinced that this case is not within our appellate-jurisdiction.
The law is well settled that on appeal from a judgment refusing to make a mandamus peremptory this court is governed' as relates to jurisdiction as in other cases, on appeal. State ex rel. Cary v. Police Jury of Calcasieu Parish, 109 La. 266, 33. So. 308. See also State ex rel. Sternberg v. Lagarde, 21 La.Ann. 18; State ex rel. Creagh v. Judge of Seventh Judicial Dist. 21 La.Ann. 107; State ex rel. Police Jury of Livingston Parish v. Miscar, 34 La.Ann. 834; Police Jury of East Baton Rouge v. Hubbs, 38 La.Ann. 149; State ex rel. Johnson v. City of New Orleans, 39 La.Ann. 342, 1 So. 668; De Blois v. City of New Orleans, 45 La.Ann. 1308, 14 So. 190; Billiot v. Terrebonne Parish School Board, 143 La. 623, 79 So. 78; State ex rel. Meriwether v. City of Shreveport, 151 La. 203, 91 So. 678; Bunol v. Bunol, 168 La. 391, 122 So. 121.
Relator in his petition alleges-that the respondent, the Register of the State Land Office, cancelled the tax adjudi *1005 cation of the property made to the state for unpaid drainage taxes for the year 1912, assessed in the name of the Truck Farm Land Company. The cancellation of this adjudication is admitted by the respondent. Relator also alleges that the Truck Farm Land Company is his author in title. Under these allegations, as between relator and respondent the title to the property is not at issue in these proceedings; the only issuers relator’s right to have cancelled the certificate of cancellation. It is nowhere shown in the record that the title or ownership of any property is involved in this case, nor is the value of the property described in relator’s petition shown in any way, nor is there any amount in dispute or any fund to be distributed, nor is this case within any of the other classes or kinds of cases m which this court is given appellate jurisdiction under Article 7, Section 10, of the Constitution. Relator alleges that the property rights which are the subject of this suit have a value in excess of $10,000.00. This, however, is merely a conclusion of the pleader. He gives no basis for this opinion and no facts which led him to arrive at such conclusion. This allegation is therefore not sufficient to confer appellate jurisdiction upon this court. _ Wunderlich v. New Orleans Ry. & Light Co., 143 La. 626, 79 So. 80; Wagner v. New Orleans Ry. & Light Co., 151 La. 400, 91 So. 817; Trahan v. Breaux, 212 La. 459, 32 So.2d 845.
Counsel for relator in argument before this court stated that relator desired the relief sought so that he would be in a better position to litigate the title to the property in other proceedings with individuals who are not parties to this suit. His pecuniary interest in the right to have cancelled the certificate of cancellation appears to be clearly conjectural, and we are unable to determine what amount, if any, is in dispute for the purpose of determining appellate jurisdiction.
For the reasons assigned, this case is ordered transferred to the Court of Appeal, First Circuit, provided that the record be filed in that court within 30 days from the date on which this decree shall become final; otherwise the appeal shall be dismissed. The appellant is to pay the costs of appeal to the Supreme Court; all other costs are to abide final disposition of the case.