HARDY, Judge.
Plaintiff instituted this suit as an action in jactitation, alleging that defendants were slandering plaintiff’s title to a forty-acre tract of land in Bossier Parish, Louisiana, described as being the Northeast Quarter of Northeast Quarter of Section 14, Township 20 North, Range 13 West. There was judgment in favor of plaintiff ordering defendants to assert their title within sixty days or thereafter to be barred, from which judgment defendants appealed, but subsequently answered the suit and asserted title. Plaintiff interposed a plea of prescription acquirendi causa based on possession, under title translative of property, for a period of more than ten years. After trial the plea of prescription was sustained by the judgment of the District Court and the demands of the defendants, plaintiffs in the converted action, were rejected. From this judgment defendants in suit appealed to the Supreme 'Court, which declined jurisdiction of the appeal and ordered same transferred to this Court. 219 La. 125, 52 So.2d 444.
By instrument dated December 14, 1878, W. E. Plall, et al. sold and conveyed to one Dennis Hudson, a Negro, the East Half of Northeast Quarter of Section 14, Township 20 North, Range 13 West, Bossier Parish, Louisiana, which sale was made for a recited consideration of $650, all on terms of credit. The purchaser built a house on the South 40 acres of the tract and cleared about 20 acres of the same 40, which he cultivated until his death in or about the year 1882. Subsequent to Hudson’s death his widow, Frances Taylor, lived on the property for some five years, more or less, after which time she and her family moved off and never returned. No part of the property has been lived on or cultivated since the removal of Frances Taylor and her family. The defendants in suit, plaintiffs in the petitory action, claimed title deriving from Dennis Hudson and his said wife.
The 80 acre tract above described, together with other property, was sold and conveyed by W. E. Hall to P. L. Jacobs in the year 1885. Plaintiff in suit, defendant in petitory action, asserts title originating from this deed as the basis of its plea of prescription.
*848 It is to be observed that only 40 acres, that is the Northeast Quarter of Northeast Quarter, of the tract covered by the above noted conveyance is 'here involved, and it is further pertinent to observe that no part 'of. this 40 acres is shown to have been cultivated or lived on at any time.
As found by the District Judge and noted in his opinion, the property involved in this suit is thin-soil hill land, suitable primarily, if not solely, for growing timber.
In support of its plea of prescription plaintiff relies upon the fact, which was clearly established on trial, that in or about the year 1924 the merchantable timber on the 40 acre tract involved, together with other lands, was systematically cut and removed by Weaver & Rivers, who were sawmill operators in Bossier Parish. According to the testimony the tract at the time was covered with good timber all of which was cut down, to and including trees ten inches in diameter. The time and nature of this cutting was further corroborated on trial by one of plaintiff’s witnesses, a forester, who described the timber on the property at time of trial as being of an even age, which, in his opinion, resulted from systematic cutting over the entire tract of land. Since the cutting of the timber in 1924 plaintiff has had the property regularly patrolled in order to prevent trespass; has had the lines, boundaries, run; has annually paid taxes upon the property, and for several years has employed a forester to supervise the selective cutting of timber therefrom. These are the evidences of possession upon which plaintiff relies, and, in our opinion, they were conclusively established on trial.
Counsel for defendants, plaintiffs in the converted action, in their brief pose the proposition before us in the following statement: “The sole question before this Court is whether or not the alleged acts of possession on the part of the appellee and its authors in title are such that will maintain the plea of prescription of ten years acquirendi causa. Under the provisions of Article 3479 of R.C.C., it is required that there be good faith on the part of the possessor * *
Proceeding to impugn and attack the good .'faith of plaintiff, defendants set up in support thereof the following stipulation contained in deed from F. J. Alcocke to E. Jacobs, plaintiff’s ancestor in title: “Be it known that this day before me Lewis E. Carter, a Notary Public in and for said parish duly commissioned and sworn, came and appeared F. J. Alcocke, of the city of Shreveport, Caddo Parish, State of Louisiana, who declared whereas W. E. Hall of Bossier Parish, State of Louisiana, did on the 27th day of April, 1885 and on the 14th day of May 1885 sell, transfer and deliver certain property described in deeds of those dates passed before .Lewis E. Carter and duly recorded in Bossier Parish and whereas the real intent and purpose was to secure the indebtedness of said Hall then due or that might thereafter become due, now therefore to carry out said purpose, the said F. J. Alcocke does by these presents bargain, sell and transfer with such title as he acquired from said Hall and without warranty further than as above set forth, the property conveyed to Edward Jacobs of Shreveport, Louisiana.”
Upon the basis of this recital it is the contention of defendants that possession could not have been commenced in good faith inasmuch as the language noted characterized the instrument as a mortgage.
We find no merit in this contention, for a number of reasons. The recital in the conveyance from Alcocke to Jacobs could have no effect with reference to restricting and circumscribing the recitals contained in the instrument from Plall to Alcocke which asserted the outright sale and conveyance of title to the property described. At most, the stipulation can only be considered as evidencing a right of redemption which could only be asserted by Alcocke’s vendors and which could not in any sense redound to the benefit of these opponents of plaintiff’s title. It is further to be noted that the deed in question was executed -in 1886, that is, some 65 years ago, and even a contingent title would have been long since perfected, any adverse claims liberated, and the effect of an outright conveyance would be placed beyond any attack predicated upon this contention.
*849 Further contentions of defendants, based upon the same premise, are equally untenable for the reasons above noted. .
On the actual question of possession defendants strenuously contend that one isolated instance of the cutting of timber is not in itself sufficient to meet the requirements of corporal possession under the provisions of Article 3487 of the R.C.C. of the State of Louisiana.
Referring to the article in question we are impressed with the fact that the civil possession is sufficient provided “it has been preceded by the corporal possession.” The codal article does not state, nor indeed do we think it intended, that any certain number of acts of corporal possession should be required in order to validate a plea of prescription. Certainly the possession of this plaintiff has been, in the words of the article: " * * * continuous and uninterrupted, peaceable, public and unequivocal * *
And, as we have above set forth, the physical act of cutting timber in 1924 has been followed by other evidences of corporal possession which conclusively indicate and sustain the nature and character of such possession. Clearly, the land here involved was not suitable for any character of possession other than such as might be evidenced by the cutting of timber. Nor do we know of any compulsion upon a possessor to cut timber at stated intervals. Certainly the acts of plaintiff had been continuously consistent with its claims of possession. These points are discussed by an opinion of the Court of Appeal for the First Circuit in a case which involved very similar facts and circumstances. Duson Inc., v. Hunsicker, 9 La.App. 657, 120 So. 86.
Accepting and approving the statement of defendant’s counsel that the sole question presented by this case rests upon an evaluation of the acts of possession on the part of .plaintiff, we have no difficulty in concluding that the acts established were sufficient to support the plea of prescription, which plea was correctly sustained by judgment of the District Court.
For the reasons assigned the judgment appealed from is affirmed and claims of the defendants, Ed and Dennis Johnson, et al., plaintiffs in the petitory action, asserting title to the Northeast Quarter of Northeast Quarter of Section 14, Township 20 North, Range 13 West, Bossier Parish, Louisiana, are rejected at appellant’s cost.
McINNIS, J., is recused.
KENNON, J., not participating.