59 So.2d 126

**STATE ex rel. DOANE et al. v. GENERAL LONGSHORE WORKERS, I.L.A. LOCAL UNION 1418 et al.**

No. 40243.

April 28, 1952.

Edouard F. Henriques, George Smill, New Orleans, for relators-appellants.

Alvin J. Liska, Rivet & Blum and Charles J. Rivet, all of New Orleans, for appellee.

FOURNET, Chief Justice.

This Court is without jurisdiction of this appeal since it involves only the right of relators, Joseph J. Doane and Ivy P. Boudreaux, by mandamus directed to the defendant, General Longshore Workers, International Longshoremen's Association, Local Union 1418, and its president, Alfred Chittenden, to compel reinstatement and recognition of the relators as vice-president and secretary-treasurer, respectively, of said local union and their restoration to membership therein—there being no amount in dispute or fund to be distributed and the other provisions of the Constitution by which appellate jurisdiction is vested in this Court being inapplicable. La.Const. of 1921, Art. 7, Sec. 10. See Montegut v. La. State Board of Dentistry, 219 La. 307, 52 So.2d 862; Kramer v. State Bd. of Veterinary Medical Examiners, 219 La. 817, 54 So.2d 95; Orleans Parish School Board v. City of New Orleans, 219 La. 1063, 55 So.2d 245; State ex rel. Roussel v. Grace, 219 La. 1000, 54 So.2d 428.

The relators' suggestion (in a Memorandum of Authorities on Jurisdiction) that although the only relief sought in their prayer is to be reinstated in their positions, this Court is nevertheless vested with jurisdiction since they allege in their petition

that they have a property right in their wages ($75 per week for each position), is without merit. The mere allegation of a property right in these salaries does not constitute an "amount in dispute or fund to be distributed," there being no judgment sought for accrued salary from March 8, 1948, the date of the alleged suspension from office and from membership in the union, to date suit was filed, June 7, 1950, or for salary accrued thereafter.

By virtue of the authority vested in this Court by LSA–R.S. 13:4441, 4442, it is ordered that this case be transferred to the Court of Appeal for the Parish of Orleans, the transfer to be made within thirty days after this decree has become final; otherwise the appeal is to be dismissed; the appellant to pay the costs of the appeal to this Court and the costs of transferring the case to the Court of Appeal.