On Application for Rehearing
PER CURIAM.
In plaintiffs’ application for rehearing it is contended that the legality of the tax is contested and that therefore this Court has jurisdiction of the appeal. They cite and rely upon State v. Whitehead Motor Co., Inc., 179 La. 710, 154 So. 912, and Town of De Quincy v. Wood, 210 La. 504, 27 So.2d 314, 166 A.L.R. 1075. These cases involve the legality of a license and a tax already imposed whereas in the present case the tax is not imposed, in fact the purpose of the suit is to compel the imposition of the tax.
It is provided in Article 7, Section 10 of the Constitution of Louisiana, 1921, *990 that this Court shall have appellate jurisdiction “in all cases wherein the * * * legality of any tax, * * * levied by the State, or by any parish, municipality, board, or subdivision of the State is contested, * * (Italics ours.) Such being the case this Court does not have jurisdiction.
It is further contended that the amount in dispute or the fund to be distributed exceeds $2,000. The law is well settled that on appeal from a judgment refusing to make a mandamus peremptory this Court is governed as relates to jurisdiction as in other cases on appeal. State ex rel. Roussel v. Grace, 219 La. 1000, 54 So.2d 428 and the cases therein cited. And the test of appellate jurisdiction under Article 7, Section 10 of the Constitution is the amount in dispute or the fund to be distributed. The plaintiffs in the present case have not asked for judgment in any amount but are seeking to compel the defendants to perform the ministerial acts of levying and collecting the tax.
Although it is true that this Court entertained jurisdiction in a number of earlier decisions, relied upon by the plaintiffs, these decisions are not in accord with the later jurisprudence. This Court became cognizant of the fáct that we had entertained jurisdiction in a number of cases in the past because the question of our jurisdiction had not been raised, but under our new rules the appellant is required to set forth in his brief the appellate jurisdiction of this Court as applied to the case. See Revised Rules of the Supreme Court of Louisiana, Rule X, Section 2.
There being no amount in dispute or fund to be distributed and the other provisions of the Constitution ' by which appellate jurisdiction is vested in this Court being inapplicable, we adhere to our original opinion and the later jurisprudence of this Court. Montegut v. Louisiana State Board of Dentistry, 219 La. 307, 52 So.2d 862; Kramer v. State Board of Veterinary Medical Examiners, 219 La. 817, 54 So.2d 95; State ex rel. Roussel v. Grace, 219 La. 1000, 54 So.2d 428; Orleans Parish School Board v. City of New Orleans, 219 La. 1063, 55 So.2d 245; State ex rel. Doane v. General Longshore Workers, I. L. A. Local Union 1418, 221 La. 216, 59 So.2d 126.
Accordingly, the application for rehearing is denied.