, HAWTHORNE, Justice.
'■•‘This-is'a suit instituted by plaintiff Emanúel-'Ffancois-for-the rescission of a contract dated-'May 16, ■ 1936, which purported to C'dnVfey- to defendant Horace R. Alexius three-acres of land in the Parish of St. Tam-ma-riy. The -lower court sustained a plea of prescription-of 10 years to plaintiff’s action ■and dismissed his suit. From this judgment hc-has appealed to this' court.
The record in this case does not affirmatively show that the three acres of land described in the deed have a value in excess of $2000.00. Consequently this court is without jurisdiction of this appeal. Art. 7, § 10, La.Const, of 1921.
The record shows that the property described in the deed is a three-acre tract of vacant, uncultivated land on which there are no improvements. According to the act under attack, this three-acre tract was to be exchanged for a tract having a value of $200, and evidently the parties to the act at that time considered that this three-acre tract also had a value of $200. For this court to have appellate jurisdiction the record would have to show affirmatively that the property had increased in value more than ten-fold since that time. Instead of an affirmative showing of this fact, there is evidence in the record that the land is in the same condition now as it was in 1936. We realize, of course, that land values have increased appreciably since the date of this act, but there is no conclusive evidence in the record to show what the increased value of this particular land is.
The plaintiff in his petition alleges on information and belief that the property is worth $2,700. This -allegation is nothing more than a conclusion of the pleader, and he makes no allegation showing a basis for this opinion and alleges no facts which lead him to arrive at this conclusion. Moreover, this allegation is denied-by the defendant in *981 his answer. Under these circumstances this allegation is not sufficient to confer appellate jurisdiction upon this court. State ex rel. Roussel v. Grace, 219 La. 1000, 54 So.2d 428.
For the purpose of conferring appellate jurisdiction upon this court, the attorney for plaintiff testified that in his opinion the property was worth $2,700, and he based his opinion as to this value on the ground that he was negotiating with two persons to purchase the property at that figure, one of whom had an option. The mere fact that he was negotiating for the sale of the land and had granted an option at this particular figure does not affirmatively establish that the property has a value of $2,700, for neither of the persons may be willing to purchase the property for this amount, and consequently the negotiations will terminate. Moreover, even if we should concede that the opinion of this witness is sufficient to establish jurisdiction in this court, we are confronted with the fact that plaintiff himself testified that the property had a value of $1,500. Under these circumstances, and in view of this conflicting testimony, it cannot he said that the record shows affirmatively that the amount in dispute is sufficient to give this court appellate jurisdiction.
Under the jurisprudence of this court the pleadings or the record must affirmatively disclose that this court has appellate jurisdiction. New Orleans & Northeastern R. Co. v. Redmann, 210 La. 525, 27 So.2d 321; Heirs of P. L. Jacobs, Inc., v. Johnson, 219 La. 125, 52 So.2d 444; Krokroskia v. Martin, 220 La. 992, 58 So.2d 205. Moreover, the appellant has the burden of proving affirmatively that the amount in controversy is sufficient to confer appellate jurisdiction upon this court. New Orleans & Northeastern R. Co. v. Redmann, supra. In the instant case the appellant has not discharged this burden.
For the reasons assigned this case is ordered transferred to the Court of Appeal, First Circuit, provided that the record is filed in that court within 30 days from the date on which this decree shall become final; otherwise the appeal shall he dismissed. The appellant is to pay the costs of this appeal to the Supreme Court; all other costs are to await the final disposition of the case.